IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN E. BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>Defendant. | 8:17CV289<br><br>**ORDER** |

On April 24, 2018, the undersigned held a telephonic conference with pro se Plaintiff Kevin E. Burns ("Plaintiff") and counsel for Defendant First National Bank of Omaha ("Defendant"). During the course of those discussions, Plaintiff asked Barbara R. Burns, Plaintiff's spouse, to present some of his arguments.[1] Barbara R. Burns is not a lawyer, but she states she is authorized to act on behalf of Plaintiff in his banking and financial transactions with Defendant.

Defendant claims that in response to Plaintiff's discovery requests, at least 18 telephone conference recordings were emailed to Plaintiff: Plaintiff states he has received only four. Plaintiff claims defense counsel does not answer his phone calls: Defense counsel states Plaintiff provides no notice of his intent to call at a specific

---

[1] During the April 24, 2018 conference, Barbara R. Burns represented to the court that she is not and has never been an attorney licensed to practice law in any jurisdiction. Ms. Burns has substantial experience with litigation. See Burns v. Ungerman, et al., 2005 WL 468304 (Minn. App. 2005) (due to multiple filings, indefinitely barring Ms. Burns from future filings in Minnesota state courts without the prior approval of the Chief Judge or the signature of a licensed attorney). And Ms. Burns was permitted, in a previously litigated matter before the Minnesota Tax Court, to represent her husband Kevin E. Burns as his "attorney in fact." Burns, et al. v. Commissioner of Revenue, 2010 WL 9545611 at *1 (Minn. 2009). However, in federal court, only duly licensed attorneys are permitted to represent a party. NEGenR 7.1(d). As such, Ms. Burns will not be allowed to represent her husband before this court, or argue his case, because she is not an attorney.

time, and if defense counsel is not available to take the call, Plaintiff promptly contacts Defendant's employees directly to complain. Defense counsel states Plaintiff contacts Defendant's employees to discuss the allegations at issue: Defendant's employees have been instructed by defense counsel to not discuss the case with Plaintiff.

After considering the arguments presented,

IT IS ORDERED:

1) On or before May 4, 2018, defense counsel shall mail a flash drive containing the telephone conversations between Plaintiff and Defendant that were previously emailed to Plaintiff.

2) As to the remaining discovery issues raised by Plaintiff, any motion to compel by Plaintiff shall be filed on or before May 8, 2018. The parties shall comply with Nebraska Civil Rule 7.1 in filing, responding, and replying to this motion.

3) Plaintiff, and Barbara R. Burns in her capacity as Plaintiff's representative, shall not directly contact Defendant and its employees during the pendency of this lawsuit. Any communications by Plaintiff with Defendant shall be directed through Defendant's counsel of record. Defense counsel need not discuss Plaintiff's case with Plaintiff's wife, Barbara R. Burns, as she is not Plaintiff's counsel for this litigation.

4) If Plaintiff wishes to speak with defense counsel, he must email in advance to schedule an appointment to talk.

Dated this 25th day of April, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge