IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN E. BURNS,

    Plaintiff,

vs.

FIRST NATIONAL BANK OF OMAHA,

    Defendant.

8:17CV289

**MEMORANDUM AND ORDER**

Kevin Burns has moved for my disqualification from this case. (Filing No. 22). For the reasons stated below, the motion will be denied.

ANALYSIS

Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification

bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003).

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d at 370. A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). Disqualification for lack of impartiality must have a reasonable basis. While litigants should not have to face a judge where there is a reasonable question of impartiality, they are not entitled to a judge of their own choice.

Plaintiff argues I 1) refused to record the April 24, 2018 hearing by falsely stating the recording equipment was not working; 2) failed to prepare for the hearing; 3) failed to rule on the discovery issues presented by Plaintiff during that hearing; 4) pandered to defense counsel; 5) exhibited hostility and bias against Plaintiff's wife, Barbara Burns, and impermissibly entered an injunction against her by stating Ms. Burns is not an attorney and cannot represent Kevin Burns in this litigation, and in her capacity as Plaintiff's account manager, she cannot contact defendant directly; and 6) engaged in ex parte conversations with defense counsel prior to the hearing.

The recording equipment I typically use for civil discovery hearings is located in my chambers. The April 24, 2018 hearing at issue was my first hearing that day, and when I tried to initiate the recording equipment, it failed to operate. I was unable to quickly resolve the problem myself. The court's IT personnel were called to my chambers immediately and were present during the hearing, attempting to fix the equipment. To date, the recording problem intermittently

reoccurs and the source of the problem has not been identified. Simply stated, there is no truth to Plaintiff's claim that I refused to record the hearing and lied about the reason it was not recorded.

Pre-motion discovery hearings are convened in the hopes of limiting, if not fully resolving, discovery battles through court-assisted discussion. There is no guarantee that all issues raised will be ruled on during those hearings. In preparation for the April 24, 2018, I reviewed Plaintiff's submissions. During the hearing, I asked for Defendant's response. Defendant claimed it had emailed all the audio recordings Plaintiff requested, but Plaintiff claimed he did not receive all those emails. As I stated during the hearing, both sides may be correct; that is, audio recordings can produce large data files and email server filters may have stopped the delivery of emails sent by defense counsel which contained large recording attachments. So I ordered defense counsel to copy the recordings he emailed to a flash drive and mail the flash drive to Plaintiff—a measure which partially resolved the Plaintiff's discovery disputes without the necessity of formal briefing. As such, the discovery hearing did serve the purpose of limiting the parties' disputes, and as to the unresolved issues, I requested a formal motion and briefing so I could fully understand the parties' arguments before entering a ruling.

It became evident during the hearing that Plaintiff and defense counsel have difficulty communicating. I therefore instructed the parties on steps they must take to open the lines of communication while nonetheless prohibiting Plaintiff's direct communication with Defendant, a represented party, concerning this litigation. I also clarified that Plaintiff cannot circumvent the prohibition of direct contact with Defendant by having his wife speak with Defendant on Plaintiff's behalf. Those communication requirements were re-stated in my post-hearing written order. ([Filing No. 20](#)).

During the April 24, 2018 hearing, Plaintiff wanted his wife to argue some of the discovery dispute issues. After confirming that Barbara Burns is not a licensed attorney, I entered an order stating she cannot represent Plaintiff in this litigation. ([Filing No. 20](#)). That order is not an injunction based on the merits of the case, but rather an exercise of the court's inherent authority to manage the conduct of those before it, including those engaged in the unauthorized practice of law. The undersigned magistrate judge has the authority to enter such orders. [Affeldt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985)](#) (holding a magistrate judge has authority to enter orders disqualifying counsel and issuing gag orders; pretrial matters which are not dispositive). While Barbara Burns was allowed to represent Kevin Burns as his "de facto attorney" at the lower court level of a Minnesota tax court proceeding, [Kevin E. Burns, Barbara R. Burns, Petitioners, v. Commissioner of Revenue, 2010 WL 9545611 (Minn.)](#), she is barred from doing so in this forum. [Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005)](#).

In support of his claim that I am biased and pander to the defendant, Plaintiff states "Barbara Burns ha[s] never been precluded from practicing any profession, including the law," ([Filing No. 22, at CM/ECF p. 3](#)), and any claim by me to the contrary is baseless gossip and defamatory. However, due to her multiple and frivolous filings, Barbara Burns has been barred from filing pro se cases in a Minnesota court without prior approval of the Chief Judge, and she was thereafter fined for attempting to circumvent that order by naming others as plaintiffs (including her husband) to obscure her own involvement in cases. [Burns v. Ungerman, No. A04-290, 2005 WL 468304 (Minn. Ct. App. Mar. 1, 2005)](#).

Plaintiff claims I had ex parte conversations with defense counsel. This statement is untrue. I have never talked to defense counsel without the Plaintiff also present on the call.

I am not biased, for or against, any of the parties to this case. And "a reasonable observer who is informed of all the surrounding facts and circumstances" as set forth in this memorandum and order would not conclude that I am unable to fairly consider and rule on the issues.

Accordingly,

IT IS ORDERED that Plaintiff's motion for recusal, ([Filing No. 22](#)), is denied.

May 6, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge