IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN E. BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>Defendant. | 8:17CV289<br><br>**ORDER** |

Plaintiff has moved to compel discovery from Defendant. ([Filing No. 24](#)). For the reasons stated below, the motion will be denied.

Plaintiff's complaint alleges he hired Defendant Wright S. Walling to provide legal representation on a family law dispute before the Minnesota courts. Plaintiff alleges he paid Walling a $5,250 retainer fee using a Visa credit card issued by Defendant First National Bank of Omaha ("FNBO"). After Walling's arguments on behalf of Plaintiff were rejected by the Minnesota court, Plaintiff disputed the credit card charge and demanded a chargeback and credit on his account. FNBO refused. Plaintiff seeks recovery from FNBO under the federal Truth in Lending Act and the Fair Credit Billing Act, and under common law for breach of contract and fraud.

Construing Plaintiff's pro se arguments liberally, Plaintiff seeks all recordings and/or transcripts of communications between FNBO and Plaintiff, FNBO and Walling, and as to Plaintiff's request for a chargeback on his credit card, he seeks communications between FNBO and other financial institutions and VISA. Plaintiff further requests all records of litigation against FNBO by all other customers who asserted claims substantially similar to Plaintiff's claims. ([Filing No. 25 at CMECF pp. 3-6](#)).

The court's order entered on April 25, 2018 required Defendant to produce a flash drive of all recorded calls between Plaintiff and FNBO. Before that ruling was entered, Defendant stated it had emailed more recordings to Plaintiff than Plaintiff acknowledged receiving. The court questioned whether recordings sent by email had been rejected by one or both parties' email servers as too large to either send or deliver. The court did not find that FNBO had previously failed to produce the requested recordings, and it did not find Plaintiff was being less than candid about the number of recordings previously received. The court required providing a flash drive solely as a more reliable delivery means to assure that all recordings produced by FNBO were received by Plaintiff.

Plaintiff filed his motion to compel production of the recordings on May 7, 2018; Defendant's brief states he mailed the flash drive to Plaintiff on May 11, 2018. As such, this issue is resolved. Plaintiff's demand for copies of recordings between Plaintiff and FNBO is moot.

Plaintiff demands recordings of any conversations FNBO had with co-defendant Walling, VISA, or any financial institution regarding the claims alleged in Plaintiff's complaint. FNBO states it never contacted VISA or another financial institution regarding Plaintiff, Plaintiff never served a document request for production of recorded conversations between FNBO and Walling, it is not aware of any such communications, and it has no FNBO-Walling recordings to produce. Defense counsel states he spoke to Walling once about this case, but the conversation was not recorded.

Not every conversation is recorded, and FNBO cannot produce a recording that has never existed. Based on FNBO's response, Plaintiff's demand for copies of recordings between FNBO and Walling, VISA, or other financial institutions will be denied.

Finally, Plaintiff demands copies of all litigation records regarding any substantially similar claims made by anyone else against FNBO. Claims filed by other persons against FNBO are not relevant to Plaintiff's claim. And even if a demand for "substantially similar" claims could be construed as perhaps relevant, the discovery request is not proportionate to the claims at issue. Plaintiff's claims arise from FNBO's refusal to grant a charge back on Plaintiff's credit card in the amount of $5,250. A discovery request for all similar claims ever made by any person against FNBO is simply too broad, disproportionate, and too marginally relevant, if at all, to support an order compelling such discovery.

Plaintiff requests sanctions and a continuance of case deadlines due to Defendant's alleged delay and failure to respond to discovery. Since the court finds no delays or failure to produce discovery occurred, Plaintiff's request for sanctions and a continuance of the case progression schedule is denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel, ([Filing No. 24](Filing No. 24)), is denied.

June 1, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge