# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN E. BURNS, | |
| Plaintiff, | 8:17CV289 |
| vs. | |
| FIRST NATIONAL BANK OF OMAHA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Objection to Magistrate Judge Cheryl Zwart's Order, ECF No. 26, filed by Plaintiff Kevin Burns, who is proceeding pro se. For the reasons stated below, the Objection will be overruled.

## BACKGROUND

According to the allegations in the Complaint, ECF No. 1, Burns retained attorney Wright Walling to handle a family law matter in the State of Minnesota and paid Walling a $5,250 retainer fee with a Visa credit card, issued by Defendant First National Bank of Omaha (FNBO). Burns was dissatisfied with Walling's representation, and Burns notified FNBO that he disputed the $5,250 charge to his credit card. FNBO refused Burns's demand to issue a chargeback and credit his account. On August 9, 2017, Burns filed the Complaint, which asserted various state and federal law claims against Walling and FNBO. On October 17, 2017, the Clerk entered default judgment against Walling in the amount of $5,250. FNBO filed an Answer, ECF No. 10, to the Complaint on October 13, 2017.

On April 25, 2018, Magistrate Judge Zwart held a telephonic conference regarding a discovery dispute between Burns and FNBO's counsel. Due to technical

difficulties, the conference was held off the record and Burns believes that, based on Magistrate Judge Zwart's conduct during the conference, she "deliberately and intentionally sought to thwart appellate review of her actions and rulings by preventing a record from being created." Pl.'s Mot., ECF No. 22, Page ID 63. Burns claims Magistrate Judge Zwart pandered to FNBO's counsel, engaged in ex parte communications with FNBO's counsel, and made false and defamatory statements about Burns's wife, Barbara Burns, who attempted to present some of Kevin Burns's arguments during the conference. Because Barbara Burns is not a lawyer, Magistrate Judge Zwart issued an order the following day, precluding Barbara Burns from "directly contacting [FNBO] and its employees during the pendency of this lawsuit" in a representative capacity. ECF No. 20, Page ID 58. The order also addressed the discovery issues raised by the parties prior to, and during, the conference. *Id.*

On April 26, 2018, Burns moved to disqualify Magistrate Judge Zwart under 28 U.S.C. § 455(a). ECF No. 22, Page ID 61. On May 6, 2018, Magistrate Judge Zwart denied Burns's motion, ECF No. 23, and he objects to the denial of that motion.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it

2

'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

**DISCUSSION**

A "magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016). "[A] party is not entitled to recusal merely because a judge is 'exceedingly ill disposed' toward them, where the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings . . . .'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

Burns's suspicion that Magistrate Judge Zwart never experienced technical difficulties during the discovery conference and intentionally held the conference off the record for an improper purpose does not satisfy his "substantial burden of proving" she is not impartial. *In re Steward*, 828 F.3d at 682. His suspicion is not based on evidence but on his subjective belief that Magistrate Judge Zwart's conduct during the conference indicates she intended to "thwart" appellate review. *See id.* (affirming district court's denial of motion to recuse where movant "supplied no evidence from which [the Eighth Circuit] could conclude that [the district judge] was not impartial"). Thus, the fact that the conference was held off the record is not a basis for recusal.

3

Nor is Magistrate Judge Zwart's order precluding Burns's wife, Barbara Burns, from contacting FNBO in her capacity as Burns's representative a basis for recusal. Barbara Burns is not a lawyer and is, therefore, not authorized to practice law or represent her husband in this matter. NEGenR. 1.7(d). Nevertheless, Burns argues a magistrate judge lacks the authority to issue this particular order because it was injunctive in nature. *See* 28 U.S.C. § 636(b)(1)(A) (A magistrate judge may not "determine . . . a motion for injunctive relief."). However, precluding Barbara Burns from representing her husband in connection with this case was not a grant of "injunctive relief" for purposes of 28 U.S.C. § 636(b)(1)(A). *Cf. Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005) ("A Federal court has inherent power to oversee attorneys who appear before it."). The order was, therefore, neither an improper grant of injunctive relief nor a basis for recusal.

Burns has failed to demonstrate that any part of Magistrate Judge Zwart's Order, ECF No. 23, was clearly erroneous or contrary to law.

Accordingly,

IT IS ORDERED: The Objection to Magistrate Judge Cheryl Zwart's Order, ECF No. 26, filed by Plaintiff Kevin Burns, is overruled.

Dated this 7th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge